NEW-YORK,<br>
May, 1815.<br>
M'CONNELL<br>
v.<br>
HAMPTON.

VAN NESS, J., dissented.

New trial granted,

———◦✳◦———

## DEXTER against TABER.

THIS was an action of slander, and was tried at the *Herkimer Circuit*, the 30th of May, 1814, before Mr. Justice *Van Ness*. The words charged were, " *you* (the plaintiff) *are a thief; you* (the plaintiff) *are a damned thief*."

The words proved at the trial to have been spoken by the defendant were : " You (the plaintiff) are a thief, you stole hoop poles and saw logs from off *Delancey's* and *Judge Myers'* land."

The witnesses said, that they supposed the words spoken, alluded to the cutting of standing timber, but they did not know the defendant's meaning.

The judge told the jury, that it was for them to decide, whether the words, as proved, amounted to a charge of theft, or of trespass merely; that if, by the words, the defendant meant to charge the plaintiff with secretly taking timber already cut into hoop poles and saw logs, it was a charge of theft; but if they meant only that the plaintiff had secretly cut and carried away timber from off the land, in order to make hoop poles, &c. it amounted to a charge of trespass only ; and, in that case, the words were not actionable ; and that this was his impression as to the meaning of the words. The jury found a verdict for the defendant.

A motion was made to set aside the verdict, and for a new trial.

*H. Bleecker*, for the plaintiff. He cited *Cro. Jac.* 166. *Yelv.* 152. *Ld. Raym.* 959.

In an action of *Slander*, the words charged were " you are a thief," " you are a damned thief." The words as proved, were: " you are a thief, you stole hoop poles and saw logs from off *Delancey's* and *Judge Myers'* land." The Judge, before whom the cause was tried, left it to the jury to decide, whether by the words proved, the defendant meant to charge the plaintiff with taking timber, or hop pooles already cut down, in which case it would be a charge of felony, or whether they were meant only to charge the plaintiff with cutting down and carrying away timber to make hoop-poles; in which case it could amount only to a trespass, and the words would not then be actionable,

and the jury having found a verdict for the defendant, the court refused to set it aside.

*Storrs, contra.*　He cited 1 *Johns. Cases,* 279.

*Per Curiam.*　The motion for a new trial must be denied. The slanderous words charged in the declaration are, that the defendant said to the plaintiff, "You are a thief." The witness who proved the speaking of these words, went on to explain in what connexion, and in reference to what subject the words were spoken, to wit, "You are a thief, you have stolen hoop poles and saw logs from off *Delancey's* and Judge *Myers's* land," alluding to certain wood lands belonging to those persons. The charge thus made may be equivocal and somewhat doubtful; and had the whole charge, as made and proved, been set out in the declaration; and if this was a motion in arrest of judgment, it might well be contended that the words import a charge of felony. But it was correctly stated to the jury, that if the defendant intended to charge the plaintiff with taking hoop poles and saw logs, already cut, it was a charge of felony. But if he only meant to charge him with cutting and carrying them away, it was only charging him with having committed a trespass. And in what sense the words were intended to be used was for the jury to determine. This point is well settled, both in our own, and in the *English* courts, (1 *Johns. Ca.* 279. *Wm. Black. Rep.* 959. *Cowp.* 278. 9 *East,* 96.) The terms "hoop poles" and "saw logs," in common parlance, are used indiscriminately, as applicable both to standing and felled timber of these descriptions. And the jury have found, that the words were used in the former sense; and, of course, not amounting to a charge of felony. And the facts in the case fully warrant the finding of the jury.

SPENCER, J., dissented. The words laid are, "You (the plaintiff meaning) are a damned thief," the proof was that the words spoken were, "You (the plaintiff) are a thief, you stole hoop poles and saw logs from off *Delancey* and Judge *Myer's* lands." The judge, without any proof explaining the words, other than an imagination of the witnesses, that the words related to cutting standing timber, though they said they did not know what the defendant's meaning was, left it to the jury to determine their meaning, with an intimation that it was intended to charge the plaintiff with a trespass. The jury found for the defendant.

In *Van Rensselear* v. *Dole*, (1 *Johns. Cases*, 279.) the words considered slanderous, were proved to have been understood by the witnesses, to relate to a transaction the day before, and used in reference to it. This was held to qualify the words, and that if understood in the qualified sense, they were not actionable; but here there is no qualification, and we must construe the words in their ordinary sense. The words "You are a thief," unaccompanied with any explanation, are actionable. It is not necessary to add the particular thing stolen, for it is to be intended that the words import a stealing of something which could be the subject of larceny. It has not been urged, as an objection, that the additional words proved ought to have been stated in the declaration; and it could not be urged, with success, unless indeed the additional words did qualify those alleged. In *Lo* v. *Saunders*, (*Cro. Jam.* 166.) the words were, "thou hast stolen my wood;" on demurrer, it was adjudged for the plaintiff; for, say the court, it shall be taken in the worst part; and wood is to be intended of that which is cut down, according to the ancient rule, *arbor dum crescit, lignum dum crescere nescit.*

In *Higgs* v. *Austin*, (*Yelv.* 152.) the words are, "thou hast stolen as much wood and timber as is worth 20 pounds." The jury found the words with this addition, "off my landlord's grounds;" and it was adjudged for the plaintiff, for the words found by the jury, more than were in the declaration, do not qualify the first words.

In *Baker* v. *Pierce*, (2 *Ld. Ray.* 959.) the words were, "*John Baker* stole my box wood, and I will prove it." There was a verdict for the plaintiff, and a motion in arrest of judgment, and judgment for the plaintiff. *Holt*, Ch. J., said, where words tend to slander a man, and take away his reputation, he should be for supporting actions, because it tends to preserve the peace; and that in most cases where such words have been held actionable, there are other words of an ill sense to explain them. Admitting that the words "you stole hoop poles and saw logs" are equivocal, and that they do not import absolutely that the poles were cut or the trees felled; yet, when connected with the positive charge, "that the plaintiff was a thief," I think we must intend that the poles and trees were cut down. Properly speaking, hoop poles and saw logs are severed from

NEW-YORK,
May, 1815.

JACKSON
v.
WOOD.

the land; they are neither whilst growing. If a man wil charge a felony, and attempt to escape the effects of the charge, by additional words, these words ought to qualify the first charge, by showing that a felony was not committed. These additional words do not, for they are, at least, equivocal.

I think the learned judge incorrect, in leaving the cause, as he did, to the jury. There was no local meaning in the words; nothing peculiarly for the jury to pass on. The sense of the words being collected, as far as could be, the construction of slanderous, or not slanderous, belonged to the court.

I am of opinion that a new trial ought to be granted, with costs to abide the event of the suit.

New trial refused.