## WILLIAMS *vs.* CAWLEY.

1. In an action of slander, the defendant may prove the facts and circumstances, in reference to which the words were spoken, for the purpose of showing that he did not intend by the use of them to impute to the plaintiff the crime, which, standing alone, they would naturally import.

ERROR to the Circuit Court of Covington.    Tried before the Hon. Nathan Cook.

WATTS & JACKSON, for the plaintiff in error:

To show that the court erred, the plaintiff makes the following points, and sustains them by the authorities cited:

1. Slander consists in the false and malicious charge made, of crime ignominiously punished.    Unless the expressions, or words used, convey to the minds of the by-standers the *impression* that a charge of *crime* is made against the person of whom the words are spoken, no action will lie.    How are we to ascertain then when the words charge crime, unless the impression made upon the minds of by-standers can be proven?    The person speaking may speak in a joke, or ironically—the words themselves, unconnected with the manner of speaking or acting, could give no adequate idea of what was meant.    It follows necessarily that the witnesses, who heard the words, may give their impressions as to their meaning; or, in other words, they may say how they understood them.—See Starkie on Slander, top p. 58; Ib. top p. 246; Stark. Ev. 2 vol. 466, top p.; Van Rensselaer v. Dole, 1 Johns. Cases, 279; Stark. on Ev., 2 vol. 472, top page, under head, *Proof of Malice*—see Studdard v. Linville, 3 Hawks, 474; McAdams v. Reeny, 4 Hayw. R. 252; Bickell v. Sterret, 4 Blackf. 471.

2. The circumstances connected with the allowance by the commissioners' court, ought to have been given to the jury. They were named at the time the words were spoken, and would have tended to show that the words were not uttered maliciously.—Coffin v. Coffin, 4 Mass. 1-31; Remmington v. Congdon, 2 Pick. 310; Bradly v. Heath, 12 ib. 163; Stone v. Clark, 21 ib. 51; Child v. Homer, 13 ib. 503; Smith v. Miles, 15 Verm. 245; Butterfield v. Buffum, 9 N. Hamp. 156; Mc-

Williams v. Cawley.

Gowen v. Manifee, 7 Monr. 314; Nash v. Benedict, 25 Wend. 645; Shecut v. McDowell, 3 Brev. 38; Slicer v. Chace, Walker, 384 ; Beehler v. Steiner, 2 Wh. 313; Rigden v. Wolcott, 6 Gill & J. 413; Norton v. Ladd, 5 N. Hamp. 203; 16 Pick. 1; Dexter v. Faber, 12 Johns. R. 239; Van Rensselaer v. Dale, 1 Johns. C. 279; McKee v. Sugalles, 4 Scam. 30.

MARTIN and BALDWIN, for the defendant :

The defendant offered to prove what allowance had been made by the commissioners' court, and the circumstances attending it. This proposition does not embrace any act of the plaintiff, but that of other parties, and should not have been received to the plaintiff's prejudice.

The subsequent part of the proposition, offered in connection with the foregoing, to show that the language used, was at the time of speaking, explained to have reference to the money got from the commissioners' court under their order, and that the defendant did not intend to impute larceny, being connected with the preceding illegal portion of the proposition, the whole was properly rejected.

The defendant was allowed to prove all that was said, at the time the words were spoken, to show the *quo animo*, or the subject matter to which the conversation had reference, but not to prove the truth of the words by evidence not rehearsed, or explained, in the conversation. In this there was no error.—Watson v. Nicholas, 6 Humph. 174.

DARGAN, C. J.—This was an action of slander, in which the defendant was charged with having spoken of the plaintiff in the following words : " You did steal money from the county treasury." The cause was tried on the general issue, and the testimony tended to show the speaking of the words by the defendant, and also, that at the speaking them, they were explained by the defendant to have reference to an illegal allowance of money, made to the plaintiff by the commissioners' court of the county, previous to the time the words were uttered. The defendant offered to prove what allowance of money had been made to the plaintiff by the commissioners' court and the circumstances attending it, for the purpose of showing that he did not intend to impute to the plaintiff the commission of a

larceny. This testimony the court rejected, but allowed the defendant to prove every thing that he said or did at the time of speaking the words, to show the feelings that prompted him at the time of using them. The defendant excepted to the ruling of the court in rejecting the evidence, and this is now assigned as error.

Although there are many contradictory decisions to be found in the books, in reference to the construction that should be placed upon slanderous words, yet all the cases agree in this, that the words to amount to slander must impute a crime. How they are used is immaterial, so the idea of the commission of a crime is conveyed. Even if the language, literally understood, would negative the charge of guilt, still if the words were used in such a manner, and under such circumstances, as showed that the party using them intended to convey to the hearers the charge of guilt, he cannot escape the consequences of slander. The law will not protect the slanderer on account of the language by which the charge was conveyed, nor the manner in which the words were uttered; but if it can be seen that a crime was imputed, the party must be held guilty, however artful the language by which the charge was conveyed, or the manner in which the words were used. On the other hand, it is equally well settled, that the words, and circumstances to which they relate and in reference to which they were spoken, must be such as will show that the party was guilty of a crime, if the words and circumstances be true. For instance, to say of one, you are a murderer, is certainly slanderous; but to say of one, you are a murderer, for you killed my dog, is no slander, for here the slanderous word is used in reference to a subject matter that takes away the guilt, which the words, standing alone, would impute. Hence, when words slanderous in themselves are used in reference to particular acts or circumstances, it becomes necessary to ascertain what those acts or circumstances are, that it may be seen whether a crime is imputed or not. Thus, in the case of Van Rensselaer v. Dole, the words were, "that the plaintiff and his party was a set of black-hearted highwaymen, robbers and murderers;" but it was proved that the words were spoken in reference to a transaction on the preceding day, which could not amount to the charge, that the words standing alone would imply. The court held that the words thus used did not

constitute slander.—1 Johns. Cases, 281. So in the case of Norton v. Ladd, 5 N. H. 203, it was held that in an action of slander the defendant might show that the words were used in relation to a known transaction, that did not amount to the charge, which the words otherwise would import. To the same effect, see Shecut v. McDowell, 3 Brev. 38; Smith v. Willis, 15 Verm. 245; Dexter v. Taber, 12 Johns. 239, and other cases cited on the brief of the counsel for the plaintiff in error. The principle, that these decisions recognise, clearly shows, that the court should have permitted the defendant to prove the facts and circumstances in reference to which the words were used; for these facts and circumstances may take from the words their slanderous import, and show that no crime in fact was imputed, although every circumstance to which the words relate were there.

The other questions raised by the assignment of errors we will not decide, as the case now stands; for we do not distinctly see the manner in which they were raised in the court below, nor the object the defendant had in view in asking the questions which were objected to by the plaintiff, and which objections the court sustained.

Let the judgment be reversed and the cause remanded.