ZOLL v. ALLEN et al.

United States District Court
S. D. New York.

Sept. 27, 1950.

---

· Edgar H. A. Chapman, New York City, for plaintiff.

M. Marvin Berger, New York City, for defendants.

McGOHEY, District Judge.

The defendants move to dismiss the second causes of action for failure to state claims against them upon which relief can be granted.

This is a libel action against a newspaper columnist, the corporation which syndicates his writings to newspapers and a newspaper which published the material complained of. Jurisdiction is grounded on diversity of citizenship. The first cause of action against each defendant which is not challenged on this motion is based on the writing, distribution and publication of the following allegedly false statement about the plaintiff: "One is to A. A. Zoll, convicted head of American Patriots, Inc. His appeal is pending before the Supreme Court."

Each second cause alleges that about two days after the publication of the foregoing, the following was written, distributed and published: "Note to Editors: (Correction) In Robert S. Allen's column sent for publication March 4-5, A. A. Zoll was erroneously described as convicted head of American Patriots, Inc., and that an appeal from that conviction was pending.

In fact, Zoll was indicted on charges of attempting to extort money from the then owners of WMCA—then being picketed by Christian Front Sympathizers. The case was later nolle prossed", and that the last paragraph thereof is false and defamatory.

The complaint then alleges the true facts relating to the indictment to be as follows:

"Sixth: That on or about the 7th day of July, 1939, the plaintiff was improperly and wrongfully indicted on two (2) counts of alleged attempted extortion, in the Court of General Sessions in the County of New York.

"Seventh: That thereafter and on or about the 29th day of May 1943, the District Attorney of New York County learning that this plaintiff had been improperly and wrongfully indicted, voluntarily and of his own motion moved in the Court of General Sessions of the County of New York for an order discharging the bail of said Allen A. Zoll, the plaintiff herein, and dismissing the aforesaid indictment.

"Eighth: That thereafter and on or about the 3d day of June 1943, said motion having regularly come on to be heard before the Honorable Jonah J. Goldstein, one of the Judges of said Court of General Sessions, said motion was granted and an order entered on the 3d day of June 1943, discharging said bail and dismissing the indictment against said Allen A. Zoll, the plantiff herein.

"Ninth: That since the 3d day of June 1943, the record of the discharge of the bail and of the dismissal of the indictment against the said Allen A. Zoll, the plaintiff, has been a part of the public record of said Court of General Sessions in the County of New York."

The grounds of the motion are (a) that the truth of the alleged libelous paragraph is demonstrated on the face of the complaint, and (b) that on the face of the complaint the paragraph was privileged as a fair and true report of a judicial proceeding.

It is clear from paragraph "Sixth" of the complaint that the first sentence of the offending paragraph is a truthful report of plaintiff's indictment on charges of attempted extortion. Plaintiff argues, however, that the second sentence—"The case was later nolle prossed."—is false. His position is that there is no such procedure as "nolle prossed" or, more properly, nolle prosequi in New York, and cites the Code of Criminal Procedure § 672 which reads: "The entry of a *nolle prosequi* is abolished; and neither the attorney-general, nor the district attorney, can discontinue or abandon a prosecution for a crime, except as provided in the last section." What actually occurred, he says (paragraphs "Seventh" and "Eighth"), was the dismissal of the indictment by the court upon recommendation of the district attorney under § 671.[1]

Thus, the nub of the controversy is whether the statement that the case was nolle prossed is so false as to constitute the basis for a libel action.

At common law the power of nolle prosequi is the power of the prosecuting authority to terminate the instant proceeding in whole or in part. A nolle prosequi, while entitling the accused to an unconditional release from custody, does not operate as an acquittal nor does it bar another indictment and prosecution for the same offense. 22 C.J.S., Criminal Law, § 456. The enactment of § 671 accomplished the transfer of the power of nolle prosequi from the prosecutor to the court.[2] Under § 673 dismissal of a felony indictment under § 671 is not a bar to another prosecution for the same offense. The crime of attempted extortion is a felony in New York.[3]

It is apparent, therefore, that the dismissal here differed from a nolle prosequi only in that it was by the court upon the recommendation of the district attorney rather than by the district attorney on his sole authority.

Under § 337 of the New York Civil Practice Act "A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial * * * proceedings * * *." "And a fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated."[4] "The libel law is not a system of technicalities, but reasonable regulations whereby the public may be furnished news and information, but not false stories about any one. When the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words

1. "§ 671. Court may order indictment to be dismissed
  "The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed. In such case a written statement of the reasons therefor shall be made by the court and filed as a public record."

2. McDonald v. Sobel, 272 App.Div. 455, 72 N.Y.S.2d 4, affirmed, 297 N.Y. 679, 77 N.E.2d 3.

3. Penal Law, McK.Consol.Laws, c. 40, §§ 2, 850–852.

4. Briarcliff Lodge Hotel, Inc. v. Citizen-Sentinel Publishers, Inc., 260 N.Y. 106, 118, 183 N.E. 193, 197.

pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done."[5]  "A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced."[6]

The second causes here are based on the fine distinction between a New York statutory dismissal and the common law nolle prosequi.  While this distinction may be important to the legal scholar and to the specialist in the reform of criminal law administration, it is not substantial enough to deny the protection of privilege to a publication of this kind which I think the legislature intended it should have. The published paragraph appears to me clearly to be a fair and true report of the judicial proceeding involving the plaintiff and as such is privileged under § 337.  Accordingly, defendants' motion to dismiss is granted.

Upon the oral argument I granted defendants' motions for leave to file amended answers within thirty days from the entry of an order herein.  The order to be submitted may so provide.

Settle order on notice.

5.  Cafferty v. Southern Tier Pub. Co., 226 N.Y. 87, 93, 123 N.E. 76, 78.

6.  Fleckenstein v. Friedman, 266 N.Y. 19, 23, 193 N.E. 537, 538.