CHARLES M. MORHOUS, Plaintiff, *v.* PLATTSBURGH PUBLISHING COMPANY, INC., Defendant.

Supreme Court, Special Term, Schenectady County, June 24, 1954.

*Allen M. Light* for plaintiff.

*Henry S. Travis* for defendant.

HUGHES, J. On the 6th day of February, 1954, the defendant, publishers of the Plattsburgh Press-Republican, published an article concerning Charles M. Morhous, the Clinton County Treasurer, who is the plaintiff in this action.

As a result of the publication, the plaintiff has brought two causes of action which are termed in the law as actions in libel.

The defendant, in its answer, has denied each and every allegation in the complaint, except that it printed the article in its newspaper as set forth in the complaint, which the defendant does not deny. The defendant, further answering the complaint, as a first complete defense, denies that the words set forth in the plaintiff's complaint herein were false, malicious, wanton and careless, and further denies that they were published maliciously.

As a further, second and complete defense, the defendant alleges that the publication was a fair and true report of a public and official proceeding, in that it was a fair and true report of an excerpt of a report made by the Department of Audit and Control of the State of New York.

As a third and complete defense, the defendant alleges that the article complained of was not libelous per se, and that the plaintiff has failed and omitted to allege any special damages suffered by him.

The defendant, further, as a fourth and complete defense, and as a first partial defense, alleges that on the 12th day of February, 1954, and within six days after publishing the article complained of by the plaintiff, on the first page of the issue of this daily paper, published an article entitled " We're Sorry ". The court is not going to recite the full articles published, as copies of the publication were presented to the court.

The defendant has moved this court for an order, in pursuance of rule 113 of the Rules of Civil Practice, dismissing the plaintiff's complaint. The defendant takes the position that this was the publication of a true and fair report of a public and official proceeding.

The plaintiff takes the position that the publication goes beyond the report itself and that the question of whether it was a fair and true version of the report is a question of fact and should be submitted to a jury. Thus, there is before this court sharp issues which the court is reluctant to determine by

the process known as a motion for summary judgment as provided for by the rule above recited.

Under our modern practice and procedure, designed to streamline actions and proceedings as provided for by these rules, when the court is called upon to act, such as in this case, it is the court's feeling that the approach must be cautious in making a determination as a matter of law. In *Cohalan* v. *New York World-Telegram Corp.* (172 Misc. 1061), at page 1067 of the opinion, the court stated the rule as follows: "Accordingly, the plaintiff's motion to strike under rule 109 must be denied because ' we cannot say as a matter of law that such expressions are statements of fact, nor can we determine as a matter of law that they are unfair comment upon the facts pleaded as true. A jury must decide these issues.' "

At page 628 of the opinion in *Kenna* v. *Daily Mirror* (250 App. Div. 625, affd. 276 N. Y. 483) the court said: " The question whether or not the writer of the editorial went beyond the limits of fair criticism in view of what had taken place at the public hearing was one which was properly submitted to the jury. In discussing the general subject of fair comment in *Triggs* v. *Sun Printing & Pub. Assn.* (179 N. Y. 144, at p. 154) Judge MARTIN said: ' When a publisher goes beyond the limits of fair criticism, his language passes into the region of libel, and the question whether those limits have been transcended may become a question of law but ordinarily presents a question for the jury.' "

As far back as 1899, in the action of *Gallagher* v. *Bryant* (44 App. Div. 527, 530) the court held as follows: " If it is, then the case is one in which the complaint cannot be condemned on demurrer. In an action for defamation where the words published are of doubtful signification, and capable of being regarded as either libelous or innocent, it is for the jury to say in which sense the language was used. (*Dexter* v. *Taber*, 12 Johns. 239; *Goodrich* v. *Woolcott*, 3 Cow. 231; *Schoonoven* v. *Beach*, 23 Wkly. Dig. 348; *Patch* v. *Tribune Association*, 38 Hun, 368; *Garby* v. *Bennett*, 40 App. Div. 163.) It is said in one case that where there is room for the least criticism upon the import of words of doubtful meaning, the question as to what they really mean must be left to the jury. (*Ex parte Baily*, 2 Cow. 479.) I think that the article set out in the complaint here falls within the rule laid down in the authorities cited. Different meanings may be ascribed to it, one libelous and the other harmless. This makes a question for the jury, and the complaint cannot be held

bad as matter of law." See, also, *Goodsell* v. *Mail & Express Co.* (222 App. Div. 772), wherein the judgment was reversed upon the law and a new trial granted: " While we are of opinion that the published article was a fairly accurate report of the proceedings in the Magistrate's Court, privileged under the provision of section 337 of the Civil Practice Act, we think it cannot be said as matter of law that the head lines of the article, read in connection therewith, are not libelous. This was for the jury."

Counsel for the defense has cited *Zoll* v. *Allen* (93 F. Supp. 95). At page 98 of the opinion in the *Zoll* case (*supra*), the court notes the following: " A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced."

Who is to determine and apply the test in such an instance, other than a jury?

Referring to another case cited by the defense, *Hall* v. *Binghamton Press Co.* (263 App. Div. 403), at page 412 of the opinion, is found the following: " Criticism as to matters of public interest and concern is privileged so long as the criticism is fair with an honest purpose and not intemperate and malicious."

The question of whether or not the criticism is fair with an honest purpose and not intemperate and malicious, is certainly a question for a jury.

Referring to a further citation of the defendant, *Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers* (260 N. Y. 106, 118), the court in that case set forth the following: " A comment is fair when it is based on facts truly stated and free from imputations of corrupt or dishonorable motives on the part of the person whose conduct is criticized, and is an honest expression of the writer's real opinion or belief."

Is not a jury a proper tribunal to determine whether or not the comment is fair and free from imputations of corrupt or dishonorable motives?

It is therefore felt that the issues in the instant case can only be fairly determined in a trial by jury. Hence, the motion is denied.

Submit order.