■ In the Matter of GERALD KLOT, Appellant, against LEWIS A. WILSON, as Commissioner of Education of the State of New York, et al., Respondents.— Appeal from an order of the Supreme Court, Special Term, Albany County which dismissed a proceeding brought pursuant to article 78 of the Civil Practice Act to review a decision and order of the Commissioner of Education dismissing an appeal from the action of the Board of Examiners of the Board of Education of the City School District of the City of New York in finding petitioner ineligible for license as assistant director of community education. The finding of ineligibility was predicated on lack of preparation in accordance with the educational requirements prescribed by section 272-a of the by-laws of the Board of Education requiring, among other things, " 24 semester hours in approved courses related to the fields of recreation, adult education and community organization." The Board of Examiners found that but 5 of the courses, aggregating 12 semester hours, which had been completed by petitioner complied with the by-law and that the remaining courses did not. Appellant mistakenly relies upon the fact that the disputed courses are registered by the commissioner as suitable for the training of teachers in fields which may, in part, coincide with one of the fields (that of recreation) specified in the by-law. Clearly, the courses are required to be such as are "approved" by the board and not, as petitioner's contentions necessarily imply, by the commissioner. Even if it should be assumed, contrary to the contentions of both respondents, that the registration by the commissioner of courses approved for the training of teachers should have some relevance as respects the administrative position here involved, nevertheless such registration relates to minimum standards only and the Board of Education had the right to prescribe additional or higher qualifications. (Education Law, § 2573, subd. 9.) In any event, it was within the province of the board to evaluate, as matters of fact, the disputed courses and their relationship, if any, to the fields specified. Upon the record, we find that the determination of the commissioner sustaining the board's action was neither arbitrary nor capricious. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH KOWALSKY, Appellant.— Appeal from a judgment rendered in the County Court of Sullivan County, sentencing the defendant-appellant to a term of two and one-half years to three years for the crime of attempted robbery in the third degree. The principal contention of the defendant is that, under section 2193 of the Penal Law, he is entitled to credit for time served under a prior conviction of the crimes of robbery and grand larceny, which was subsequently set aside and for which he was ultimately given a suspended sentence. The contention is without merit. The provision in section 2193 for credit for "time spent by a person convicted of a crime in a prision or jail prior to his conviction and before sentence" obviously refers to time so spent upon the charge of the crime for which the conviction in question was had. Judgment of conviction unanimously affirmed. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.