Frank Dentamaro *v.* Motor Vehicles Commissioner

Superior Court     Hartford County     File No. 107132

Memorandum filed December 17, 1956.

*Joseph J. Trantolo,* of Hartford, for the plaintiff.

*John J. Bracken,* attorney general, and *Louis Weinstein,* assistant attorney general, of Hartford, for the defendant.

Shapiro, J. This appeal is brought on the claim that the commissioner acted arbitrarily and in abuse of discretion in his refusal to remove the suspension of the plaintiff's operator's license.

Prior to June 29, 1956, the plaintiff was one of a group of twenty persons charged in the Hartford County Superior Court with the possession, control, selling, administering and dispensing of narcotic drugs, under § 3962 of the General Statutes, § 1595c of the 1953 Cumulative Supplement and § 2103d of the 1955 Cumulative Supplement, and with conspiracy to violate §§ 3962 and 8876 of the General Statutes, and §§ 2103d and 3352d of the 1955 Cumulative Supplement. On March 6, 1956, the plaintiff,

who then was twenty-one years of age, was put to plea, pleaded not guilty and elected a jury trial. The plaintiff was not presented again until June 29, 1956, when the state's attorney, the plaintiff and his counsel appeared in court. The state's attorney related that the plaintiff was arrested on January 14, 1956, and that at first the state had three parties who would testify or at least give statements to the effect that the plaintiff had been using heroin on various occasions; that two of the parties recanted and refused to testify; that the plaintiff himself had consistently denied any guilt and had been ready to go to trial; that the state prepared the case and found that it had no corpus delicti, no narcotics having been found on or about the plaintiff; that the state was satisfied that the case against him was very weak and should be nolled. The plaintiff, speaking through his counsel, denied that he had ever used narcotics, asserted that he had refused to accept a nolle and had insisted on a trial, and consented, in view of this presentation, to the court's acceptance of the state's recommendation. Thereupon, the court entered a nolle in the case.

On July 19, 1956, the plaintiff was heard by the defendant in regard to seeking a removal of the suspension of his operator's license. This license was suspended on March 6, 1956, for an indefinite period, under the claimed authority of § 1345d of the 1955 Cumulative Supplement, following his bind-over to the Superior Court on the narcotics charges. The plaintiff since March 6, 1956, has always been ready and willing to go to trial and continually has protested his innocence of these charges. At the July 19 hearing, the plaintiff admitted that he knew some of the persons involved in the narcotics cases. When asked, "How come you were associated with these people, who are known users of this stuff?" he replied, "Just acquaintances, meeting on the corners

and talking. Just friendly stuff. I was seen talking with them and they got the impression that I was one of their kind." Following this hearing, the suspension was ordered to remain in effect.

At the trial in the immediate case, Thomas Hurney, testifying for the defendant, stated that in connection with the July 19 hearing and the decision based thereon, he considered that the plaintiff and others were bound over to the Superior Court on narcotics charges; that the court nolled his case instead of his obtaining a dismissal or a not-guilty finding; that statements given by two of the persons involved in the group of twenty bound over, although not shown to the plaintiff at the hearing, were used and relied upon by him; that he had received at an earlier date information from the police which he used, and also the company kept by the plaintiff. Notwithstanding this, Mr. Hurney stated in reply to an inquiry made by the court that the plaintiff would have had his license restored, following a department hearing, if he had been tried and found not guilty, but because of the nolle he would be treated in the manner thus far accorded him, and in the manner accorded the others who pleaded guilty. Where a court grants a nolle, such action is not a bar to a subsequent trial for the same offense. *State* v. *Garvey,* 42 Conn. 232, 233; but it terminates the particular proceeding. The effect of the nolle was to release the accused from custody; he could no longer be held under arrest. *See* v. *Gosselin,* 133 Conn. 158, 160, 161. In this case, while a nolle was entered, although reluctantly agreed to, the plaintiff was always ready to go to trial and demanded a trial on several occasions. It is apparent that he believed in his innocence and felt the state could not prove him guilty as charged. The state admitted it had no case against him. Therefore, the court may fairly conclude that had the

plaintiff been tried he would have been found not guilty. Under the circumstances of this case, was this plaintiff treated arbitrarily by the defendant and in abuse of the latter's discretion?

An operator's license is purely a personal privilege issued by the state on account of fitness. *Shea* v. *Corbett,* 97 Conn. 141, 145. Section 1345d confers on the commissioner the power to suspend or revoke any operator's license issued under the laws of this state for any cause that he may deem sufficient, with or without a hearing. This does not mean that this power is absolute and not subject to review. The commissioner is an administrative officer. His action is reviewable because in the same section (1345d) giving him the right to suspend is also reference to any appeal taken from his action. The statute, by allowing the commissioner to suspend, "for any cause that he may deem sufficient," confers upon him power in broad language. As used here, the legislature surely did not intend that he should use his powers in a discriminatory manner. Here, the commissioner has predicated his grounds of sufficient cause on mere suspicion and surmise. There is nothing in the law which allows the defendant to act as he is doing at this date under the facts applying in this case and to this plaintiff.

The commissioner has acted arbitrarily and in abuse of his discretion, and he is hereby ordered to remove the suspension of the plaintiff's operator's license and restore the same.