■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR H. GIFFORD, Appellant.— Appeal from an order of the Washington County Court which denied the motion in the nature of a writ of error *coram nobis*. The appellant was convicted in 1933 in Washington County for burglary and was thereupon sentenced as a second offender, based upon a prior conviction in the State of Vermont, for a term not to exceed 10 years in jail, which sentence was served in its entirety. In 1949 the appellant was convicted in Washington County of assault and as a third offender, was sentenced to a term of from 2½ to 10 years. In 1956, upon an appeal from a denial of a writ of error *coram nobis*, this court found that the Vermont conviction was not the basis for making him a second offender at the time of his sentence in 1933 and directed that he be resentenced on the 1949 conviction, not as a third offender, but as a second offender. The court has the authority to impose the same sentence for either a second or third offense (Penal Law, § 1941) and accordingly, when he was returned to the Washington County Court and arraigned as a second offender, he was given the same identical sentence of from 2½ to 10 years. Upon this appeal, two points are urged. First, that the prior sentence was not properly vacated and that all the time served on the sentence that should have been vacated was not deducted from the new sentence. It is appropriate to note that because the resentence was the same as the prior sentence, the appellant was in no way prejudiced. It further appears from an examination of the prior decision of this court (2 A D 2d 642) that the intent was to treat his petition as an application to vacate the sentence and for resentence, although the order itself failed to vacate the prior sentence. We accordingly find no merit to this particular contention. The cases cited by appellant in his brief (*People v. Voelker*, 222 App. Div. 717; *People ex rel. Barrett v. Hunt*, 257 App. Div. 919) are distinguishable from the present facts, in those cases the second sentence being different from the first. The second contention of the appellant is that he should be given credit on his present sentence for the five years illegally spent in jail as a result of the 1933 sentence which, as a first offender, would be five years. This court has previously decided that issue. (*People v. Kowalsky*, 2 A D 2d 938.) While we have commented upon the two principal contentions raised by the appellant, it is the opinion of this court that neither these nor any other contentions raised by the appellant on this appeal are the proper subject of a writ of error *coram nobis*. Order of the County Court affirmed, without costs. Bergan, J. P., Coon, Herlihy and Reynolds, JJ., concur; Gibson, J., taking no part.