James E. Mtjlcahy, J.
This is an application by defendant to be allowed credit for the excess time he served on a prior conviction and such excess time to be applied to his present sentence.
The defendant is presently confined at Auburn Prison under a judgment of conviction imposed on him on July 22, 1959, in this court for the crime of attempted assault in the second degree, for a term of from one and one-half to three years.
The record discloses that on December 12, 1946 defendant pleaded guilty to the crime of robbery in the third degree before Streit, J., and, being 17 years of age, he was sentenced to Elmira Reception Center for an indefinite term on January 17, 1947. He was transferred to the Elmira Reformatory on April 10, 1947 and paroled on August 26, 1948. The defendant was later convicted in the Court of Special Sessions for the crime of receiving stolen property and was sentenced to the Workhouse for a term of six months. Having been.found to be in violation of parole by the Division of Parole, the defendant, upon his discharge from the Workhouse on February 2, 1950 was, on the same day, sent to the Elmira Reformatory from which, on May 5, 1953, he was transferred to Dannemora State Hospital.
On November 6, 1958 the defendant appeared before Hon. Willard Best, Judge of the Supreme Court at Plattsburgh, New York, pursuant to a writ of habeas corpus. The court ordered that the defendant be discharged from custody as the defendant’s sentence had expired September 28,1951. A sentence on a felony charge, for an indefinite term to Elmira Reception Center, when imposed upon males between the ages of 16 and 21 years cannot exceed 5 years (Penal Law, § 2184-a; Correction Law, art. 3-A).
*414 There is no merit to the instant application. Credit for time spent in prison on a prior conviction in excess of legal confinement may not be charged to a subsequent conviction. In People v. Gifford (8 A D 2d 909) the appellant contended that he be given credit on his present sentence for five years illegally spent in jail as the result of a prior conviction. In the case cited the court held that the contention raised by the appellant was invalid. The motion is denied.