PER CURIAM.
Elwood Duncan Taylor petitioned us for writ of habeas corpus seeking release from his present imprisonment. The writ issued and respondent has filed his return.
It appears the petitioner seeks credit on sentences he is presently serving for time served under two previous sentences. He contends that he is entitled to credit for the time served on the earlier sentences because they were held void and the time he served under said sentences is greater than the time he has to serve under the present sentences, thus he should be released. The earlier sentences were attacked by petitioner by motions filed in the Circuit Court to vacate them pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, after said sentences had expired. Said motions were granted. The sentences that petitioner is presently serving arise out of convictions for offenses wholly separate and distinct from the offenses for which petitioner served the expired sentences. Petitioner does not here attack the validity of the sentences he is presently serving.
The issue here is controlled by our decision in Montford v. Wainwright, 162 So.2d 663, where the essential facts are substantially similar. The rule announced in that case is that time served by a defendant on a void sentence will not be credited upon another sentence imposed upon the defendant for an unrelated offense.
The record before us further discloses that petitioner filed a petition for writ of habeas corpus in the Circuit Court for Bradford County, Florida, raising the-same, issues which he raises here. That *106 petition was denied and petitioner did not appeal. We agree with respondent that the issues raised here are res adjudicata. State ex rel. Miller v. Kelly, 88 So.2d 118 (Fla.).
There is nothing to preclude the petitioner from applying to the Slate Pardon Board and bringing to its attention the same facts presented here. That Board can take into consideration all pertinent facts and circumstances, including those presented in these proceedings and determine from the total picture of his record whether the petitioner merits clemency consideration.
The record now before us shows that petitioner is not entitled as a matter of law to his liberty, so the writ of habeas corpus is discharged and petitioner is remanded to custody.
It is so ordered.
THORNAL, C. J., and THOMAS, ROB- ' ERTS, DREW and ERVIN, JJ., concur.