425 P.2d 47

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas RHODES, Defendant-Appellant.**

**No. 8225.**

Supreme Court of New Mexico.

March 13, 1967.

Dan B. Buzzard, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Myles E. Flint, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

This is an appeal from an order of the trial court denying certain motions and confirming a re-sentence of appellant to serve a term in the New Mexico State Penitentiary of not less than two years nor more than ten years, commencing June 2, 1965.

Pursuant to the mandate of this court in State v. Rhodes, 76 N.M. 177, 413 P.2d 214, this cause was remanded to the district court for the imposition of a proper sentence. A proper sentence was imposed on June 16, 1966, and was as just stated.

Appellant has attacked this sentence and other actions on the part of the trial court by his different motions. He has specifically asserted in one of these motions that the same was filed pursuant to the provisions of Rule 93 of the Rules of Civil Procedure for the district courts of the State of New Mexico, which is identical with § 41–15–8, N.M.S.A.1953, 1966 Interim Supplement. The trial court considered all the

**538**

motions as proceedings under Rule 93 and and ruled thereon accordingly.

■■ Appellant has asserted five separate points relied upon for reversal. He has not sought to point out specifically any claimed error under either of his first two points, which is his duty. Board of Trustees, etc. v. Garcia, 32 N.M. 124, 252 P. 478; Mitchell v. McCutcheon, 33 N.M. 78, 260 P. 1086; Chavez v. Potter, 58 N.M. 662, 274 P.2d 308; Vonfeldt v. Hanes, 196 Kan. 719, 414 P.2d 7. He has made no argument whatsoever, and has submitted no authorities under either point. For these reasons appellant must fail under these points. Faubion v. Tucker, 58 N.M. 303, 270 P.2d 713; Gore v. Cone, 60 N.M. 29, 287 P.2d 229; Pies v. Bekins Van & Storage Co., 70 N.M. 361, 374 P.2d 122.

Appellant argues his points three and four together. The substance of his argument is that the trial court was without jurisdiction to try appellant on the charge upon which he was convicted in June 1965. He had been charged under an information containing seven counts, had pleaded guilty to counts two and three, and the remaining counts had been dismissed by the district attorney. He later was released under a writ of habeas corpus on the grounds that his conviction of counts two and three was void. A new information was filed, charging him with the same seven counts. He was found guilty under count seven, the other six counts

having been dismissed. State v. Rhodes, supra.

■ The question of double jeopardy was disposed of on the prior appeal. State v. Rhodes, supra. It is not contended that prosecution for the offense charged under count seven was barred by the Statute of Limitations. He was informed against during April 1965, and was tried on June 2, 1965. It is not argued that this lapse of time violated his right to a speedy public trial as guaranteed by article 2 § 14 of the Constitution of New Mexico, or that he was not tried at the first term of court after the filling of the information. His position is that since he was originally informed against under an identical count in an information filed about May 3, 1962, which count was dismissed by the district attorney on about August 29, 1962, that he was not accorded his statutory right to be tried at the next term of court, as provided by § 41–11–4, N.M.S.A.1953, and was not accorded his constitutional right to a speedy public trial. The fallacy in this argument is apparent. The 1962 charge was dismissed, and thus there was no charge against him upon which he could have been tried at the next term of court, or upon which his constitutional right to a speedy public trial could have operated.

■ It is suggested by him that there was some sort of commitment not to prosecute made by the State of New Mexico at the

time of dismissal in August, 1962, of all the counts contained in the information, except for counts 2 and 3, and that the State has now breached this commitment. The record is devoid of any suggestion of such a promise, express or implied, and thus we need not further concern ourselves with this suggestion. However, see the following New Mexico cases which have dealt with somewhat comparable questions. Apodaca v. Viramontes, 53 N.M. 514, 212 P.2d 425, 13 A.L.R.2d 1427; State v. Raburn, 76 N.M. 681, 417 P.2d 813.

As already stated, and as shown by the opinion in the prior appeal, the six other counts were dismissed by the district attorney. State v. Rhodes, supra.

■ Dismissal, or a nolle prosequi, by the district attorney, does not operate as an acquittal, and an accused may afterwards be re-indicted or re-informed against and prosecuted for the same offense. Dentamaro v. Motor Vehicles Commissioner, 20 Conn. Sup. 205, 130 A.2d 568; State v. Berry, 298 S.W.2d 429 (Mo.1957); State v. Lonon, 331 Mo. 591, 56 S.W.2d 378; Zoll v. Allen, 93 F.Supp. 95 (S.D.N.Y.1950); Commonwealth v. Wheeler, 2 Mass. 172; State ex rel. Graves v. Primm, 61 Mo. 166; State v. Thornton, 35 N.C. 256; 22A C.J.S. Criminal Law § 456 at 1–3.

The appellant's last point is that the trial court erred in failing to give him credit against his prison sentence under his conviction in the present case for the time he was imprisoned between August 28, 1962, and March 22, 1965, under his prior conviction. He cites no authority for his position, but merely claims the failure to give him such credit is contrary to fundamental justice and deprives him of his liberty without due process of law in violation of article 2, § 18, Constitution of New Mexico.

■ Appellee argues that appellant's position cannot be maintained and cites as authority therefor the case of Morgan v. Cox, 75 N.M. 472, 406 P.2d 347. In the Morgan case it was held that a person, who is convicted a second time on the identical charge, cannot be given credit for the time of his imprisonment under the first conviction, which has been declared void. It would seem beyond question that the rule in the Morgan case would apply with even greater logic to the present case, wherein appellant has not been convicted twice on the same charge, but has been convicted and is now serving a sentence for a completely different offense. However, we need not rely on an extension of the rule in the Morgan case to the facts in this case. Time served by a defendant under a void conviction and sentence will not be credited upon another sentence imposed upon defendant under a conviction for a different offense. Taylor v. Wainwright, 178 So.2d 105 (Fla.1965); Montford v. Wainwright, 162 So.2d 663 (Fla.1964); People v. Kowalsky, 2 A.D.2d 938, 156 N.Y.S.2d 656, aff'd.

2 N.Y.2d 949, 162 N.Y.S.2d 355, 142 N.E.2d 421. See also People ex rel. Nataluk v. Denno, Sup., 227 N.Y.S.2d 288; People v. Gifford, 8 A.D.2d 909, 186 N.Y.S.2d 874; People v. Sears, 27 Misc.2d 413, 210 N.Y.S.2d 318; 24B C.J.S. Criminal Law § 1995(4), at 641.

Finding no error, the order should be affirmed.

It is so ordered.

NOBLE and CARMODY, JJ., SPIESS, J., Ct. of Apps., and SAMUEL J. MONTOYA, D. J., concur.