STATE OF CONNECTICUT *v.* ANONYMOUS (1980–2)*

SUPERIOR COURT

JAMES T. HEALEY, J. On May 29, 1979, a warrant was issued and executed charging the defendant with the crimes of burglary in the third degree and larceny in the second degree, both offenses being alleged to have been committed on July 2, 1977.

The defendant claims and the state concedes that he was arrested and arraigned for the exact same offenses in July, 1977, and that in November of 1977, in connection with a bindover of the defendant

---

* Thus entitled, in view of General Statutes § 54-142a.

on another charge from what was then the Court of Common Pleas to the Superior Court at Hartford, nolles were entered. The file was then apparently forwarded to the state's attorney at Hartford who took no action, with the result that the defendant was not informed against and accordingly could not be, and was not, put to plea. The issuance of the new warrant was apparently triggered when, in March, 1979, the Superior Court at Hartford ordered the bindover file transferred to the Superior Court at Bristol.

In this context the defendant has moved for dismissal claiming two grounds: First, insofar as more than thirteen months have elapsed since entry of the nolles, the automatic erasure of records provided for in General Statutes § 54-142a constitutes a bar to further proceedings; and second, the passage of some twenty-two months between his first and second arrests deprived him of his right to a speedy trial.

Neither counsel nor the court has been able to find a decision on all fours with the first claim and accordingly it appears to be one of first impression.

As to the general nature of a nolle there is ample authority for the proposition that, unless the matter has proceeded to the point at which the defendant is in jeopardy, a nolle simply terminates the proceedings and leaves the matter just where it stood before the commencement of the prosecution. It does not, of itself, bar the state from commencing a new case although to do so a new warrant is necessary. *Hing Wan Wong* v. *Liquor Control Commission,* 160 Conn. 1, 5; *See* v. *Gosselin,* 133 Conn. 158, 160; *State* v. *Main,* 31 Conn. 572, 576; *State* v. *Ackerman,* 27 Conn. Sup. 209, 211; *Dentamaro* v. *Motor Vehicles Commissioner,* 20 Conn. Sup. 205, 207.

The provision of § 54-142a (c) for automatic erasure thirteen months after a nolle of "all police and court records and records of the state's or prosecuting attorney . . . pertaining to such charge" does not on its face change the foregoing. What it does, however, is to make all information contained in those records unavailable to the state. In contemplation of law the original file simply no longer exists.

In this instance the state in fact relied entirely on the original file in preparing the new warrant. This it may not do.

With this view of the matter it is not necessary to address the "speedy trial" issue.

The motion to dismiss is granted.