In the Matter of ROSE WAGSCHAL, Appellant, v BOARD OF EXAMINERS OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

Second Department, June 16, 1986

## APPEARANCES OF COUNSEL

*James R. Sandner (Donald Congress* of counsel), for appellant.

*Frederick A. O. Schwarz, Jr., Corporation Counsel (Stephen J. McGrath* and *Cecilia Tso* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

We deal here with the petitioner's effort to convince us to substitute our judgment concerning educational requirements for that of the Board of Examiners of the Board of Education of the City of New York, and, indeed, of the Chancellor as well. The Board of Education's judgment was that the educational background of persons seeking licenses as school psychologists should include either an approved program for school psychologists or, in the alternative, other specified educational credentials which would also include a college-supervised internship in the field of clinical psychology. The petitioner's qualifications were of the alternative variety but she had not undergone the required college-supervised internship because that type of program did not exist when she obtained her educational training. She therefore sought to substitute for the internship her one-and-a-half-year employment from 1961 to 1962 at the Danville State Hospital in Pennsylvania. In support of this substitution, she submitted a letter from the former Director of Psychology of that institution to the effect that her development there was gratifying. The Board of Examiners rejected her claim of eligibility and so did Special Term in the CPLR article 78 proceeding that followed.

If authoritative jurisprudence were somewhat different than what it is, it might be possible for us to require the Board of Examiners to accept the petitioner's Danville service as an appropriate substitute for the required internship. If we did so, however, there could be little doubt that we would be substituting our judgment for that of the public officials charged with the duty of fixing educational qualifications. Such a substitution would be based on the theory that the petitioner's job at Danville gave her the identical educational experience as six months of personal supervision of internship by a professional academic at a collegiate institution. Such a substitution of our judgment for that of the public officials in charge of our educational system is something the law does not permit however (see, *Matter of Purdy v Kreisberg,* 47 NY2d 354; *Matter of Denise R. v Lavine,* 39 NY2d 279). For good reason, no doubt, we are not supposed to interfere in the determinations of educational officials unless the determinations are irrational, arbitrary or capricious (see, *Matter of Warder v Board of Regents,* 53 NY2d 186, 194, *cert denied* 454

US 1125; *Matter of Pell v Board of Educ.,* 34 NY2d 222). It is the Board of Education that establishes requirements and qualifications for its employees (Education Law § 2573 [10]; *Matter of Klot v Wilson,* 2 AD2d 938); the function of Judges is something else. Since our knowledge concerning the education of psychologists is quite limited and since we are constrained by precedents, we cannot say that the refusal of the Board of Examiners to accept the Danville experience as a substitute was irrational, arbitrary or capricious. Therefore, we are not in a position to rule that a particular substitute for the internship provides what the internship would have provided.

Accordingly, we affirm the judgment of Special Term dismissing the proceeding.

THOMPSON, J. (dissenting). A review of the record in this proceeding leads to the inexorable conclusion that the determination of the Board of Examiners of the Board of Education of the City of New York denying the petitioner's application for a license as a school psychologist is arbitrary and capricious and without a rational basis. Accordingly, I vote to reverse the judgment dismissing the proceeding and to grant the petition, annul the determination of the Board of Examiners, and direct it to grant the petitioner's application.

The underlying facts, which are essentially not in dispute are as follows:

As of the date this proceeding was commenced, the petitioner Rose Wagschal had been employed by the Board of Education of the City of New York as a temporary per diem (hereinafter TPD) school psychologist for approximately five years. In February 1981, the respondent Board of Examiners announced that it would administer an examination on May 20 and 21, 1981 for licensure as a school psychologist. The eligibility requirements for the school psychologist license set forth in the February 1981 announcement provided that an applicant must possess, *inter alia,* a baccalaureate degree plus 60 semester hours of approved graduate study in the fields of school psychology or clinical psychology, including a college-supervised internship in the fields of school psychology or clinical psychology, respectively.

The petitioner took and passed the May 1981 examination for a license as a school psychologist. Thereafter, by letter dated November 22, 1982, the petitioner was advised that she had failed to submit all the evidence required to establish her

minimum eligibility. The Board of Examiners requested that the petitioner submit proof of additional courses taken to meet minimum requirements and evidence of a college-supervised internship.

In response, the petitioner submitted a letter from the former Director of Psychology at Danville State Hospital in Pennsylvania. He verified that the petitioner had been employed as a staff psychologist at Danville under his supervision commencing in January 1961 and continuing through 1962. During her tenure at Danville, the petitioner worked closely with children and adolescents, on a daily basis, in all aspects of psychological assessment, psychotherapy and educationally related activities. The former Director further stated that although the petitioner was designated as professional staff to gain salary and benefits, she was "for all practical purposes" an intern for the first year of her employment.

The petitioner also submitted in response to the Board of Examiners request for additional information a letter from the professor and program director of the School Psychology Programs at New York University who verified that the petitioner had completed the Master's degree program in school psychology at New York University. Toward this end, the petitioner had accumulated 64 credits. The program director further stated that when the petitioner attended the New York University School of Education the program did not require the completion of a college-supervised internship. However, he further concluded that the petitioner's experience at Danville State Hospital "would certainly be acceptable today as a college-supervised internship for school psychology certification".

Notwithstanding the petitioner's documentary evidence in support of her application, the Board of Examiners, by letter dated September 23, 1983, denied the petitioner's application for a license as school psychologist. Thereafter, the petitioner commenced this CPLR article 78 proceeding seeking to have this determination annulled on the ground that it was arbitrary and capricious. The Supreme Court ruled that the refusal by the Board of Examiners to permit the petitioner to substitute her work experience at Danville State Hospital for a college-supervised internship program in order to meet the requirements for a license as a school psychologist was neither arbitrary nor capricious.

My colleagues in the majority agree with the Supreme

Court's decision. I cannot concur in their position and, therefore, vote to reverse.

I have no quarrel with the majority's enunciation of the well-established standard of judicial review of administrative determinations *(e.g., Matter of Warder v Board of Regents,* 53 NY2d 186, 194, *cert denied* 454 US 1125; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). However, I do not believe, as the majority concludes, that granting the petition entails a substitution of our judgment for that of the administrative agency charged with setting educational qualifications. While the authority of an administrative agency is broad, it is not absolute. Its determination must have a rational basis which I find is lacking upon this record. The petitioner is an experienced psychologist who completed her studies at a time when college-supervised internships were not required. Strict interpretation of this requirement effectively bars the petitioner from ever being licensed since colleges generally do not permit an individual to register for an internship program unless he or she is part of a degree program. Furthermore, subsequent to the submission of the petitioner's application, the Board of Examiners provided that completion of two years of experience as a school psychologist or school psychologist in training could substitute for the completion of a college-supervised internship program as an eligibility requirement for licensure as a school psychologist. Lastly, the petitioner has been employed by the Board of Education for seven years as a TPD school psychologist, the same position for which she seeks licensure.

In view of the petitioner's extensive experience in the field in which she seeks to be licensed and the subsequent provision of an alternative to the very requirement which is presented as a basis for denying the petitioner's application, the respondent's interpretation of its eligibility requirements is irrational, arbitrary and capricious. Accordingly, the determination of the Supreme Court dismissing the proceeding should be annulled.

LAZER, J. P., MANGANO and BRACKEN, JJ., concur; THOMPSON, J., dissents and votes to reverse the judgment appealed from, on the law, and grant the petition, annul the determination dated September 23, 1983, and to direct the respondent to grant the petitioner's application for a license as a school psychologist, with an opinion in which RUBIN, J., concurs.

Judgment of the Supreme Court, Kings County, dated September 19, 1984, affirmed, with costs.