This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: August 15, 2019**

**NO. S-1-SC-37127**

**STATE OF NEW MEXICO,**

> Plaintiff-Respondent,

v.

**MARIO ERNEST ORTIZ,**

> Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Cristina T. Jaramillo, District Judge**

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Petitioner

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Respondent

**DECISION**

**{1}** This appeal comes before the Court by way of Defendant Mario Ernest Ortiz's petition for writ of certiorari requesting review of a memorandum opinion from the Court of Appeals which reversed the district court's exclusion of evidence as a sanction for discovery violations. *State v. Ortiz*, A-1-CA-34484, mem. op. (June 28, 2018) (non-precedential). We reverse the Court of Appeals and conclude that the district court properly exercised its discretionary authority to impose meaningful sanctions for the State's discovery violations. Because New Mexico precedent sufficiently addresses the

questions of law raised by this case, we exercise our discretion under Rule 12-405(B)(1) NMRA to dispose of this case by non-precedential decision.

**{2}** Defendant was indicted for trafficking cocaine and conspiracy to traffic cocaine on May 15, 2014 and arraigned on June 6, 2014. In a hearing on December 12, 2014, defense counsel informed the district court that the State had not disclosed any information other than the criminal complaint. *See* Rule 5-501(A) NMRA (2014) (providing the State with ten days after arraignment to disclose, *inter alia*, "any results or reports . . . of scientific tests or experiments . . . within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known to the prosecutor"). At the State's request, the district court gave the State two weeks to come into compliance with the rules of discovery. At a hearing a month later on January 12, 2015, defense counsel informed the district court that the State had provided some discovery but had not yet provided the results of any tests done on the substance alleged to be cocaine. Accordingly, defense counsel moved to exclude the results of the drug test. The district court expressed frustration with the State: "These drug results should have been looked for and asked for the minute the defendant was . . . arrested. To wait six months to do . . . this kind of drug testing, is way too late, and it's got to change." The district court then gave the State the option to file a nolle prosequi for the case or it would consider a written motion to exclude the test results. The State declined to dismiss the case without prejudice. Subsequently, the district court granted Defendant's written motion to exclude the results of the drug test.

**{3}** The State appealed the district court's order to the Court of Appeals. In a memorandum opinion, the Court of Appeals acknowledged that the State had violated the rules of discovery but noted that the exclusion of key evidence is a serious sanction which "requires an intentional violation of a court order, prejudice to the opposing party, and consideration of less severe sanctions[.]" *Ortiz*, A-1-CA-34484, mem. op. ¶¶ 13-14 (alteration in original) (quoting *State v. Harper*, 2011-NMSC-044, ¶ 19, 150 N.M. 745, 266 P.3d 25). The Court of Appeals concluded that, even if it assumed that the State had intentionally violated the district court's order, the exclusion was an abuse of discretion because (1) the district court did not hold a hearing to determine the reasons for the State's violation and the prejudice to Defendant; (2) Defendant failed to meet his burden of proving prejudice; and (3) the district court did not attempt to apply a sanction affecting "the evidence at trial and the merits of the case as little as possible." *Ortiz*, A-1-CA-34484, mem. op. ¶ 17 (quoting *Harper*, 2011-NMSC-044, ¶ 16). Accordingly, the Court of Appeals reversed the district court's order and remanded for further proceedings. *Ortiz*, A-1-CA-34484, mem. op. ¶ 18. We subsequently granted Defendant's petition for certiorari pursuant to NMSA 1978, Section 34-5-14(B) and Rule 12-502 NMRA.

**{4}** We review the district court's decision to exclude evidence for an abuse of discretion. *State v. Guerra*, 2012-NMSC-014, ¶ 23, 278 P.3d 1031. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason."

*State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959 (internal quotation marks and citation omitted). When reviewing for an abuse of discretion, "[w]e view the evidence in the light most favorable to the district court's decision, resolve all conflicts and indulge all permissible inferences to uphold that decision, and disregard all evidence and inferences to the contrary." *State v. Linares*, 2017-NMSC-014, ¶ 24, 393 P.3d 691.

{5}     The Court of Appeals in this case mechanically applied the factors articulated in *Harper*, 2011-NMSC-044, ¶¶ 15-16, without considering our recent clarification of the analysis of those factors in *Le Mier*, 2017-NMSC-017, ¶¶ 16-22. We held in *Le Mier* that district courts have broad discretion to manage their dockets and impose meaningful sanctions for violations of discovery orders. 2017-NMSC-017, ¶¶ 19, 22. Despite this discretion, district courts must still consider the factors articulated in *Harper* when assessing whether severe sanctions are appropriate: "(1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Le Mier*, 2017-NMSC-017, ¶¶ 15, 20. However, "it is not the case that . . . exclusion is justified only if all of the *Harper* considerations weigh in favor of exclusion." *Id.* ¶ 20. Considering our holding in *Le Mier* and viewing the record in this case in the light most favorable to the district court's decision, we conclude that the district court did not abuse its discretion by excluding the drug test results as a sanction for the State's discovery violations.

{6}     Promoting the efficient administration of justice is an important responsibility of our district courts which is undermined by a party's failure to comply with discovery rules and orders. *Id.* ¶¶ 18-19. Accordingly, compliance with discovery orders is mandatory and enforceable. *Id.* ¶ 24. We made clear in *Le Mier* that prejudice to the court is as important as prejudice to the opposing party. *Id.* ¶¶ 25-26. Failure to comply with discovery orders causes prejudice to the district court by requiring the court to expend its time and resources on the issue and disrupting the court's management of its docket. *Id.* Here, the district court gave the State two weeks to come into compliance with discovery rules, which the State had already breached, and unambiguously told the State to ask for more time if needed. The State failed to do either and, at the January hearing, the district court admonished the State for waiting six months in a drug trafficking case to test the substance alleged to be illegal. In addition, the district court gave the State the option to file a nolle prosequi for the case, but the State refused to do so. *See State v. Ware*, 1993-NMCA-041, ¶ 8, 115 N.M. 339, 850 P.2d 1042 ("A nolle prosequi is a dismissal of criminal charges filed by the prosecutor, usually without prejudice."); *State v. Edwards*, 1981-NMCA-119, ¶ 6, 97 N.M. 141, 637 P.2d 572 ("A nolle prosequi does not amount to an acquittal. . . . [T]he accused may be reindicted or reinformed against." (emphasis omitted) (citing *State v. Rhodes*, 1967-NMSC-052, 77 N.M. 536, 425 P.2d 47)).

{7}     We recognize that the district court's order in this case included no findings of fact or conclusions of law explaining its decision to exclude the drug test results. In *Le Mier*, 2017-NMSC-017, ¶ 20 we held that district courts "must explain their decision to exclude or not to exclude [evidence] within the framework articulated in *Harper*[.]" However, the district court's statements at the December and January hearings

sufficiently demonstrate that the court found the State culpable in failing to test the suspected cocaine in a timely manner and that this failure caused prejudice to the court's efficient administration of its docket. Viewed in the light most favorable to the district court's order, the record supports these findings. Furthermore, by offering the State the option of dismissing the case without prejudice, the district court adequately considered lesser sanctions. Under these facts and circumstances, the district court's order was justified by reason and was not an abuse of discretion. *See Le Mier*, 2017-NMSC-017, ¶ 22.

**{8}** Therefore, we reverse and vacate the Court of Appeals' memorandum opinion and affirm the district court's decision to exclude the drug test results as a sanction for the State's discovery violations. We remand this case to the district court for further proceedings consistent with this decision.

**{9}** **IT IS SO ORDERED**.

**BARBARA J. VIGIL, Justice**

**WE CONCUR:**

**JUDITH K. NAKAMURA, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**