A. R. NEWMAN, Appellant,

v.

Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.

No. 9070.

United States Court of Appeals Tenth Circuit.

April 4, 1967.

Charles S. Solomon, Santa Fe, N. M., for appellant.

L. D. Harris, Special Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, United States District Judge.

WESLEY E. BROWN, District Judge.

The petitioner, A. R. Newman, appeals from the denial of his application for a writ of habeas corpus by the United States District Court for the District of New Mexico. A single question of law is presented. Is the State of New Mexico required under the equal protection clause of the United States Constitution to give credit for time served on a void sentence upon reconviction following a new trial?

On December 2, 1963, Newman, without counsel, pleaded guilty to obtaining money by fraud, and was sentenced to 1 to 5 years. On June 8, 1964, he was ordered released in a state habeas proceeding, on the ground that his guilty plea was invalid. On August 27, 1964, now represented by counsel, he pleaded not guilty to the same charge. He was convicted by a jury, and was sentenced again to 1 to 5 years, and denied credit for the time served under the first conviction. If given credit for the nearly nine months he served between the two convictions, he would be entitled to immediate release. According to his brief, if he does not receive credit, he is tentatively scheduled to be released at the expiration of his sentence on April 1, 1967.

After the second conviction, Newman brought a second habeas action in the state court, alleging that he had been put in double jeopardy, and seeking in the alternative, credit for the previous time served. The state supreme court rejected both contentions. He then filed the petition herein, raising the same questions. After a hearing, at which he testified, the United States District Court held, first, that retrial following a successful habeas proceeding does not constitute double jeopardy, and secondly, that under the New Mexico decisions, credit need not be given for time served on the first sentence. He complains of only this second holding in this court.

Newman contends that failure to give credit for the time served under a void sentence when the defendant is retried and convicted, and given a new sentence, violates the equal protection clause of both the New Mexico and United States Constitutions. The equal protection argument is based on the fact that New Mexico allows credit for time served where the trial itself is valid, but the

sentence alone is erroneous, but refuses credit where the trial itself is constitutionally defective, although the sentence is correct. He states the issue thus:

"Why should two defendants be treated differently when the only difference in the circumstance is the presence in one case of an error unrelated to the sentence and in the other an error in the sentencing?"

In Sneed v. Cox, 74 N.M. 659, 397 P.2d 308, a habeas case, the petitioner had been sentenced on December 10, 1962, to a term of not less than two nor more than three years. The statute, 1953 Comp. § 40–17–4, provided only for "imprisonment at hard labor, not exceeding three years." The sentence was set aside, and he was resentenced on June 25, 1964, to a term "not exceeding three years," the unlawful minimum having been deleted from the sentence. The question was then raised whether he was entitled to credit for time served under the erroneous 1962 sentence. The New Mexico court held that he was, quoting from In the Matter of the Application of Cica, et al., for a Writ of Habeas Corpus, 18 N.M. 452, 137 P. 598, 51 L.R.A.,N.S., 373:

"Where a court has jurisdiction of the person and the offense, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion in excess open to question and attack."

And further,

"A sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and the offense, and only void as to the excess, when such excess is separable and may be dealt with without disturbing the valid portion of the sentence."

In 1965 in the case of Morgan v. Cox, 75 N.M. 472, 406 P.2d 347, the court held that where a petitioner had successfully attacked his first conviction on constitutional grounds, as in the instant case, and had been retried and convicted, he was not entitled to credit upon his second sentence for the time served under the first. The court felt constrained to hold that,

"Even though time was served under a conviction found to be void because of absence of jurisdiction, credit may not be given for such time served when the prisoner is, on a subsequent trial, validly convicted of the same offense and given a new sentence."

The New Mexico Supreme Court recognizes that there is no unanimity among the courts that have considered the problem. This is true. Other jurisdictions have adhered to the view that credit should be given. See Lewis v. Commonwealth of Massachusetts, 329 Mass. 445, 108 N.E.2d 922, 35 A.L.R.2d 1277 (1952). See also King v. United States, 69 App. D.C. 10, 98 F.2d 291, 293–294; and Patton v. State of North Carolina, 256 F.Supp. 225 (W.D.N.C.1966).

There is no showing that the New Mexico rule providing for credit for time served when the sentence is in excess of that which the law permits (See Sneed, supra) and denies credit for time served under a void judgment upon retrial and conviction (Morgan, supra) has not been applied uniformly.

This court has held generally that federal courts will follow interpretation of the constitution and laws of a state by the highest court of that state unless such interpretation is inconsistent with the fundamentals of liberty and justice. Silva v. Cox, 351 F.2d 61 (10th Cir. 1966); Pearce v. Cox, 354 F.2d 884 (10th Cir. 1966). The right of the state to adopt such a rule has been approved by the Supreme Court of the United States.

In Williams v. State of Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516, a criminal proceeding in the Oklahoma courts where a petitioner was convicted of murder and sentenced to life imprisonment and thereafter he pleaded guilty to a charge of kidnapping the murder victim and was sentenced to death by the Oklahoma courts was affirmed. The su-

preme court stated the construction of the state statute by its court of last resort "must be accepted here."

In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 the Supreme Court recognized, " * * * a heavier penalty, even a death penalty, is a risk incurred by taking an appeal or otherwise foregoing a procedural right * * * " The dissenting opinion emphasized the foregoing by holding, "Surely, the state ground is not rendered inadequate because on a new trial for the same offense, Noia might have received the death sentence. The State is well within constitutional limits in permitting such a sentence to be imposed."

We conclude that there is no reason or showing in the record for us to hold that the denial by New Mexico of credit for time served on a void judgment is constitutionally impermissible.

Affirmed.