437 P.2d 163

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Eloy PADILLA, Defendant-Appellant.**

**No. 113.**

Court of Appeals of New Mexico.

Jan. 12, 1968.

Leon Karelitz, Las Vegas, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

SPIESS, Chief Judge.

Upon conviction in 1963 of involuntary manslaughter defendant was given a sentence of one to ten years in the penitentiary

in accordance with Chapter 49, Laws of 1939 (now repealed).

This appeal is from the denial by the district court of defendant's motion presumably filed pursuant to Rule 93 (§ 21–1–1(93) N.M.S.A., 1953—1967 Supp.), to require the court to credit upon his sentence the time he allegedly spent in presentence confinement in the county jail pending trial.

■ Defendant bases his right to credit upon § 40A–29–25, N.M.S.A., 1953 (1967 pocket supplement), which statute is as follows:

"A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense."

This Act became effective in 1967. The sole question presented is whether the statute is applicable to the sentence which was imposed upon defendant in 1963. To so apply it would require that it be given retrospective effect. The trial court correctly refused to so interpret the statute.

Defendant takes the position that the Act being remedial should be construed retrospectively.

■ While the Act is remedial in nature it provides a substantive right not theretofore available. The rule of statutory construction which has uniformly been applied by the Supreme Court of New Mexico to remedial statutes other than those relating to procedure alone is expressed in Clark v. Ruidoso-Hondo Valley Hospital, 72 N.M. 9, 380 P.2d 168 (1963), as follows:

"* * * it is presumed that statutes will operate prospectively only, unless an intention on the part of the legislature is clearly apparent to give them retrospective effect."

A like rule of construction was also applied in the following: Davis v. Meadors-Cherry Company, 65 N.M. 21, 331 P.2d 523 (1958); Board of Education of City of Las Vegas v. Boarman, 52 N.M. 382, 199 P.2d 998 (1948); Wilson v. N. M. Lumber & Timber Co., 42 N.M. 438, 81 P.2d 61 (1938).

We do not overlook Gray v. Armijo, 70 N. M. 245, 372 P.2d 821 (1962). The statute under consideration there concerns procedure alone.

We find no language in the Act under consideration here which indicates an intention upon the part of the legislature to give it retroactive effect. We accordingly conclude that the Act is not retroactive and that the defendant cannot avail himself of the remedy afforded by it. The order dismissing defendant's motion is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.