439 P.2d 226

STATE of New Mexico, Plaintiff-Appellee,

v.

Lorenzo SEDILLO, Defendant-Appellant.

No. 8492.

Supreme Court of New Mexico.

April 1, 1968.

See also 76 N.M. 273, 414 P.2d 500.

Robert G. McCorkle, E. Richard Tanner, Jonathan B. Sutin, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Robert L. Woodward, David R. Sierra, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

The appellant, a juvenile, was convicted of the crime of rape and sentenced to serve a term in the state penitentiary of not less than one year nor more than ninety-nine years. Subsequently, he was discharged on a writ of habeas corpus because his parents had not been cited into court at his hearing, the court holding that the sentence was void for failure to obtain jurisdiction of the juvenile. He was taken into custody and, at a retrial, was again found guilty and a like

sentence was imposed. He now appeals from an order of the district court in a post-conviction proceeding under Rule 93, § 21–1–1(93), N.M.S.A.1953, denying credit for the time served under the void conviction.

The main question is whether the order denying credit for the time served is an infringement of appellant's constitutional rights. The question is disposed of by our own cases. We are committed to the rule that an accused is not entitled to credit for time served under a prior void conviction. State v. Rhodes, 77 N.M. 536, 425 P.2d 47; Morgan v. Cox, 75 N.M. 472, 406 P.2d 347. See, also, State v. Padilla, (Ct.App.) 78 N.M. 702, 437 P.2d 163. Compare Lewis v. Commonwealth, 329 Mass. 445, 108 N.E.2d 922. Our decisions are supported by a great weight of authority. See Annot. 35 A.L.R. 2d 1283.

Appellant argues that we should overturn our decisions since our public policy is expressed by Ch. 221, Laws 1967, § 40A–29–24, N.M.S.A.1953, Pocket Supp.1967, which reads:

"A person convicted of a felony in the district court and held in official confinement while awaiting the outcome of an appeal, writ of error to, or writ of certiorari from, a state or federal appellate court, or prior to his release as a result of post-conviction proceedings or habeas corpus, shall be given credit for the period spent in confinement against any sentence finally imposed for that offense."

The trouble with appellant's argument is that the statute was enacted subsequent to State v. Rhodes, supra, and Morgan v. Cox, supra, and operates prospectively. We feel reasonably certain that the legislature was fully aware of our decisions in enacting the statute. It would appear that legislative public policy concerning credit for time served is expressed by failure to expressly make the act retroactive. State v. Padilla, supra.

Following a hearing on the habeas corpus proceedings, on March 31, 1965, appellant was remanded to the juvenile court of Bernalillo County "for further proceedings" by April 10, 1965, otherwise, he was to be discharged. On April 9, 1965, he was arrested at the penitentiary and taken to the Bernalillo County jail. On April 26, 1965, he was charged with the offense of unlawful breaking and entering. This charge was later dismissed, and, following psychiatric examination, he was charged, tried and convicted of forcible rape a second time.

Appellant contends that his second conviction is void because of his unlawful arrest and detention prior to his conviction on September 24, 1965. This point also is found without merit. There was a showing of probable cause for his arrest even without a warrant. The trial court acquired jurisdiction of appellant when the new information was filed against him. State v. Garcia, 76 N.M. 171, 413 P.2d 210; State v. Vaughn, 74 N.M. 365, 393 P.2d 711. Any delay in bringing the appellant before a magistrate between the time of his arrest and the time he was convicted, absent a showing of prejudice, would not deprive the trial court of jurisdiction. State v. Minor, 78 N.M. 680, 437 P.2d 141; State v. Lattin, 78 N.M. 49, 428 P.2d 23, and no prejudice is claimed.

Appellant argues that the trial court was without jurisdiction because the complaint charging appellant with breaking and entering does not allege facts by which the court could evaluate whether the complainant had probable cause to believe an offense had been committed. We are at a loss to see the logic of the argument as the charge of breaking and entering, a charge wholly unrelated to the charge of rape, was dismissed. Compare Tanner v. United States, 296 F.2d 218 (C.A. 10th Cir.1961).

Finally, appellant seeks to vacate his second conviction on the ground the complaint, the basis of his arrest, failed to allege knowledge of the facts from which the complainant concluded that there was probable cause to believe that appellant had committed the crime of rape. Again, we find

appellant's position untenable. State v. Garcia, supra. Compare State v. Wise, 58 N.M. 164, 267 P.2d 992.

Appellant himself asserted various points in his motion for relief under Rule 93. These points are raised here by his counsel and submitted without argument. We have examined them carefully and they are found without merit.

The order should be affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.