442 P.2d 213

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Severito SEDILLO, Defendant-Appellant.**

**No. 147.**

Court of Appeals of New Mexico.

May 24, 1968.

Donald Brown, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

OMAN, Judge.

Defendant was convicted on November 4, 1965, upon his plea of guilty, of the crime of voluntary manslaughter, and he was sentenced to imprisonment in the New Mexico State Penitentiary for a term of not less than two nor more than ten years.

The case is now before us on appeal from the denial, without hearing, of his motion under Rule 93 [§ 21–1–1(93), N.M.S.A. 1953 (Supp.1967)].

His sole claim is that he is entitled to a credit of two hundred seventeen days against his sentence for the time he spent in jail between March 31, 1965 and November 4, 1965. He claims a right to this credit under the provisions of N.M. Laws 1967, ch. 221, § 2 [§ 40A–29–25, N.M.S.A. 1953 (Supp.1967)], which became effective March 31, 1967. This section of our statutes provides:

"*Credit for time prior to conviction.*— A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that

or a lesser included offense, be given credit for the period spent in pre-sentence confinement against any sentence finally imposed for that offense."

Defendant concedes our opinion and decision in State v. Padilla, 78 N.M. 702, 437 P.2d 163 (Ct.App.1968) are contrary to his contention.

His position apparently is that the equal protection guarantee of our State and Federal constitutions compels a retrospective application of the provisions of this section of our statutes, and that in issuing our opinion and decision in State v. Padilla, supra, we may have overlooked this constitutional guarantee. We did not overlook it, and the Supreme Court of New Mexico, in the very recent case of State v. Sedillo, 79 N.M. 9, 439 P.2d 226, decided April 1, 1968, in which was involved the question of retrospective application of N.M. Laws 1967, ch. 221, § 1 [§ 40A–29–24, N.M.S.A. 1953 (Supp.1967)], expressly referred to the question of infringement of constitutional rights, cited with approval State v. Padilla, supra, and held that the section of the statutes there involved had only prospective effect. There can be no reason why § 1 of the Act applies only prospectively and § 2 should apply both prospectively and retrospectivly.

We note that the Supreme Court of the United States has denied retroactive application to such basic constitutional rights as those enunciated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). A fortiori, there can be no merit to such a claim as is made here, that the denial of retroactive application to a newly created statutory right is a denial of equal protection of the laws.

The order should be affirmed.

It is so ordered.

WOOD and ARMIJO, JJ., concur.