443 P.2d 516

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Walter A. THOMAS, Defendant-Appellant.**

**No. 184.**

Court of Appeals of New Mexico.

June 14, 1968.

Bob F. Turner, Atwood & Malone, Roswell, for defendant-appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

ARMIJO, Judge.

Walter A. Thomas pleaded guilty to an information charging him with commission ·of an offense in violation of the provisions ·of § 40A–9–9, N.M.S.A. 1953 and on September 27, 1965, was sentenced to the State Penitentiary for a period of not less than ·one year nor more than five years.

Appellant filed a motion under Rule 93 ·[§ 21–1–1 (93), N.M.S.A. 1953 (Supp. 1967)]: whereby he seeks credit for time ·spent in presentence confinement from June 18, 1965 to date of sentencing. Appellant ·was denied a hearing and he appeals from ·an order overruling his motion.

Appellant claims as error the trial court's refusal to give retroactive effect to the ·provisions of § 40A–29–25, N.M.S.A. 1953.

The retroactive application of this statute ·has been denied in several recent cases ·decided by the New Mexico Supreme Court ·and the New Mexico Court of Appeals. ·On the issue of retroactive application of ·the statute we quote from State v. Padilla, ·78 N.M. 702, 437 P.2d 163 (Ct.App.1968):

> "This Act became effective in 1967. The sole question presented is whether the statute is applicable to the sentence which was imposed upon defendant in 1963. To so apply it would require that it be given retrospective effect. The trial court ·correctly refused to so interpret the statute.
>
> \*　\*　\*　\*　\*　\*
>
> "We find no language in the Act under consideration here which indicates an intention upon the part of the legislature to give it retroactive effect. \* \* \*"

·See also State v. Sedillo, 79 N.M. 9, 439 P.2d 226 (1968).

Appellant's contention that failure to give ·retroactive effect to § 40A–29–25, supra, violated the equal protection afforded him under the Fourteenth Amendment of the United States Constitution is found to be without merit.

We recently resolved the same issue in State v. Sedillo (Ct.App.) 79 N.M. 255, 442 P.2d 213, decided May 24, 1968, and concluded that there is no denial of equal protection of the laws in failing to give retroactive effect to a newly created right which allows credit for presentence confinement.

We conclude that the trial court was correct in overruling and denying the motion without a hearing.

The order denying the motion is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.