443 P.2d 743

STATE of New Mexico, Plaintiff-Appellee,

v.

Reynaldo MONTOYA, Defendant-Appellant.

No. 8599.

Supreme Court of New Mexico.

July 15, 1968.

Léon Karelitz, Las Vegas, for appellant.

Boston E. Witt, Atty. Gen., Gary O'-Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COMPTON, Justice.

The appellant was convicted of the crime of murder and was sentenced to life imprisonment in the New Mexico State Penitentiary. Upon appeal, the judgment imposing sentence was affirmed. State v. Montoya, 72 N.M. 178, 381 P.2d 963.

Thereafter, pursuant to Rule 93, § 21–1–1 (93), N.M.S.A.1953 (1967 P.S.), appellant moved for correction of the judgment so as to allow credit for the time spent in confinement awaiting the outcome of his appeal. The motion was denied, and he appeals from the order denying his motion.

The pertinent statute, § 40A–29–24, N.M.S.A.1953 (1967 P.S.), reads:

"A person convicted of a felony in the district court and held in official confinement while awaiting the outcome of an appeal, writ of error to, or writ of certiorari from, a state or federal appellate court, or prior to his release as a result of post-conviction proceedings or habeas corpus, shall be given credit for the period spent in confinement against any sentence finally imposed for that offense."

Appellant was committed to the penitentiary on April 28, 1961, and the judgment affirming his sentence was entered July 10, 1963. He now argues that the statute should be given retroactive application. There is no basis for this argument; the question has already been settled. The statute was enacted in 1967 as Section 1, Chapter 221, and operates prospectively only. State v. Sedillo, 79 N.M. 9, 439 P.2d 226. See also State v. Padilla, (Ct. App.) 78 N.M. 702, 437 P.2d 163, where Section 2 of the Act, § 40A–29–25, N.M.S.A. 1953 (1967 P.S.), was likewise held to operate prospectively only.

The order should be affirmed, and it is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE and CARMODY, JJ., concur.