448 P.2d 182

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Floyd E. DALRYMPLE, Defendant-Appellant.**

**No. 232.**

Court of Appeals of New Mexico.

Nov. 22, 1968.

James M. H. Cullender, Roswell, for defendant-appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

OMAN, Judge.

Defendant seeks reversal of an order denying, without a hearing, his motion under Rule 93 [§ 21-1-1(93), N.M.S.A.1953 (Supp.1967)].

The sole question involved is his right to be credited with the period of his presentence confinement against the penitentiary term he is now serving. He was resentenced on December 13, 1965, and the term of his sentence commenced as of January 12, 1965. He is not questioning the correctness of this sentence, which was upheld in State v. Dalrymple, 77 N.M. 4, 419 P.2d 218 (1966).

His contention now is that he is entitled to credit for the period between August 5, 1964 and January 12, 1965, which is the period of his pre-sentence confinement. He relies on § 40A-29-25, N.M.S.A. 1953 (Supp.1967), which became effective on March 31, 1967.

His position is that the provisions of this statute should be applied retrospectively as well as prospectively, and that a failure to so apply them is contrary to the guarantee of the equal protection clauses of Article

II, § 18 of the Constitution of New Mexico and § 1 of the Fourteenth Amendment to the Constitution of the United States.

In a number of recent cases this court has held that this statute is not to be given retroactive effect. State v. Thomas, 79 N.M. 346, 443 P.2d 516 (Ct.App.1968); State v. Luna, 79 N.M. 307, 442 P.2d 797 (Ct.App.1968); State v. Sedillo, 79 N.M. 255, 442 P.2d 213 (Ct.App.1968); State v. Padilla, 78 N.M. 702, 437 P.2d 163 (Ct.App. 1968). See also State v. Sedillo, 79 N.M. 9, 439 P.2d 226 (1968).

We have also held to be without merit the contention that a failure to give this statute retroactive effect violates the equal protection provisions of our State and Federal constitutions. State v. Thomas, supra; State v. Sedillo, 79 N.M. 255, 442 P.2d 213 (Ct.App.1968).

Defendant recognizes that our holdings in the foregoing cited cases are contrary to his contentions, but he urges that justice and fairness compels a reversal of our position. We are not persuaded by his urgings.

The order denying the motion should be affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.