449 P.2d 783

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Wilbert MATTHEWS, Defendant-Appellant.**

**No. 8518.**

Supreme Court of New Mexico.

Jan. 27, 1969.

J. E. Casados, Albuquerque, for defendant-appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

TACKETT, Justice.

This case is brought before the court on a motion to vacate judgment and sentence on May 16, 1966, which motion was denied.

On September 9, 1960, defendant was charged by information with armed robbery, assault with intent to kill and two counts of assault with a deadly weapon. Defendant entered a guilty plea to armed robbery, assault with intent to kill and one count of assault with a deadly weapon on September 23, 1960, the remaining count being dismissed. He was sentenced to the New Mexico Penitentiary on the same day for a period of not less than three nor more than twenty-five years on the armed robbery count, and for a period not to exceed three years for assault with a deadly weapon. These sentences were to run consecutively. He was also sentenced for a period of not

748

less than one nor more than twenty-five years for assault with intent to kill. This sentence was to run concurrently with the other two sentences.

In January 1966, defendant petitioned the District Court of Santa Fe County for a writ of habeas corpus, which was granted on February 8, 1966, on the ground that defendant's constitutional rights were violated in that he was not represented by counsel during long interrogation and the pleas of guilty were inadvertent and not intelligently made.

Subsequently, on March 4, 1966, he was rearraigned in the District Court of Bernalillo County on the original information and entered a plea of not guilty. On May 5, 1966, he was tried by a jury on the armed robbery count and one count of assault with intent to kill. The jury returned a verdict of guilty on these two counts and on May 13, 1966, the Honorable D. A. Macpherson, Jr. sentenced the defendant to the New Mexico Penitentiary for a period of not less than three nor more than twenty-five years and ordered that the last fifteen years of that sentence be suspended.

On January 17, 1967, a motion was filed under Rule 93, Rules of Civil Procedure, (§ 21–1–1(93), N.M.S.A., 1953 Comp., 1967 Pocket Supp.), to vacate the judgment and sentence. This motion was denied on March 17, 1967, on the ground that defendant was not entitled to credit for time served under the prior proceedings because those proceedings were void.

The sentencing was prior to the effective date of § 40A–29–24, N.M.S.A., 1953 Comp., 1967 Pocket Supp. (Ch. 221, § 1, Laws 1967).

 Appellant's point II alleges that petitioner's constitutional rights were violated in that the court imposed a sentence which constituted cruel and unusual punishment. This contention has no merit, as the defendant was sentenced in accordance with the Indeterminate Sentencing Act and, as a matter of fact, the last fifteen years of the sentence were suspended. Cruel and unusual punishment implies a limitation upon the form and character of the punishment and is not a limitation upon the duration. State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967).

This case is controlled by Morgan v. Cox, 75 N.M. 472, 406 P.2d 347 (1965), wherein this court stated that a prisoner, who had served time under conviction which had been determined to be void because of absence of jurisdiction, was not entitled to credit for that time served upon his subsequent valid conviction and a new sentence following a second trial for the same offense. Appellant contends that § 40A–29–24, supra, should be applied retrospectively. There is no basis for this contention, as we have repeatedly held. See State v. Sedillo, 79 N.M. 9, 439 P.2d 226 (1968); and State v. Padilla, 78 N.M. 702, 437 P.2d 163 (Ct. App.1968).

The judgment of the trial court is affirmed. It is so ordered.

NOBLE, C. J., and CARMODY, J., concur.