Argued October 31, affirmed December 12, 1969, petition
for rehearing denied January 6, 1970. Petition for
review denied by Supreme Court February 17, 1970

SULLIVAN, *Appellant, v.* CUPP, *Respondent.*

462 P. 2d 455

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause and filed the brief for appellant.

With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were David H. Blunt, Deane S. Bennett, Assistant Attorneys General, and Lee Johnson, Attorney General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY, FORT and BRANCHFIELD, Judges.

FORT, J.

Defendant, on December 6, 1960, was sentenced to 15 years in the penitentiary pursuant to his conviction for the crime of sodomy. On December 9, 1960, he filed notice of appeal. He elected to remain in the county jail as provided in ORS 138.135(2). Bail was set at $15,000. He failed to post bail and remained in the county jail until his conviction was affirmed by the Supreme Court on January 17, 1962. On March 9, 1962, he was delivered to the Oregon State Penitentiary for execution of the judgment of December 6, 1960.

In this post-conviction proceeding he seeks an order allowing him credit on his sentence for the period which he spent in the county jail while waiting for the disposition of his appeal. He claims that since the only reason he had to remain in jail during the pendency of this appeal was because he could not make bail, he has been denied the equal protection of the laws as guaranteed by U. S. Const. amend. XIV, § 1. The basis of his contention is that he is discriminated against because a rich man could have posted bail whereas an indigent, which he claims he then was,

could not. An identical argument has been made concerning the posting of bail before trial, and held invalid. *Rigney v. Hendrick,* 355 F2d 710 (3d Cir 1965), cert den 384 US 975, 86 S Ct 1868, 16 L Ed 2d 685 (1966). There the court said:

"* * * Admittedly, there is a classification between those who can and those who cannot make bail. The Constitution, however, permits such a classification * * *." 355 F2d at 715.

We find no merit in this contention.

There remains, however, inherent in the petition the further question of whether the statute does not unfairly penalize a man who appeals his conviction and elects, for whatever reason, not to be transported to the penitentiary during its pendency by depriving him of his liberty for the additional period of the appeal for the sole reason that he has appealed. If he loses his appeal, he is required to serve the full sentence originally imposed, without credit for the time in jail. Here this amounts to approximately 15 months.

At the time in question, ORS 138.130 provided:

"An appeal from a judgment on a conviction stays the execution of the judgment unless the defendant, at the time of giving notice of appeal, either orally in open court or in writing, requests that the execution not be stayed."

ORS 138.140 provided so far as is here relevant:

"* * * Without executing the judgment, the sheriff * * * shall retain the custody of the defendant until otherwise ordered by the court * * *."

We point out that poverty has no necessary connection with the problem, though it may, and often

does. Defendants convicted of the crimes or under the circumstances described in ORS 140.020 are not eligible for bail at all during the period of appeal. Yet they, too, must pay the added penalty, if they appeal, of remaining in custody without credit for the time served during the period of the appeal, unless, in effect, they elect to be taken to the penitentiary. ORS 138.135(2).

Every defendant is granted a right of appeal from the circuit court. ORS 138.040. It cannot be denied that by virtue of exercising this right, in every case which either is not bailable or in which the defendant does not make bail he is deprived of his liberty for an additional period to that imposed in the sentence equivalent to that consumed in the appeal, provided he elects not to go to the penitentiary. ORS 138.130 (now ORS 138.135(1)).

We must then consider whether the election given to the appealing defendant to decide himself whether he shall allow the execution of the judgment and begin to serve the sentence imposed upon him is sufficient to render the classifications valid.

The law thus creates three classes of appellants during the period of appeal. The first is the man who is confined in the penitentiary pursuant to the judgment. The second is the man who elects not to begin the execution of his sentence but is nevertheless confined to the county jail. The third is the man who is free on bail. We are here concerned only with the first two.

In *Valcarcel v. United States,* 409 F2d 211 (2d Cir 1969), the court was faced with an identical question arising under the federal statutes. There Valcarcel had elected to remain confined in federal de-

tention headquarters during the time of his appeal, rather than go to a federal penitentiary. Following the denial of his appeal he sought credit on his sentence for the time spent in the federal detention center. There the court stated:

> "* * * [A]lthough the denial of credit may be unfair 'it is not sufficiently invidious to reach constitutional proportions.' Sobell v. Attorney Gen., 400 F.2d 986, 990 (3d Cir.), cert. denied 393 U.S. 940, 89 S.Ct. 302, 21 L.Ed.2d 277 (1968)." 409 F2d at 213.

It should be noted that the petitioner nowhere here suggests that his election was made without full knowledge of the consequences or without the advice of counsel. See *Sobell v. Attorney General of United States,* 285 F Supp 958, 962-63 (MD Pa), aff'd 400 F2d 986 (3d Cir), cert den 393 US 940, 89 S Ct 302, 21 L Ed 2d 277 (1968).

The New Mexico Supreme Court recently considered this problem in *State v. Montoya,* 79 NM 353, 443 P2d 743 (1968). There a defendant sought credit for time "spent in confinement awaiting the outcome of his appeal." Subsequent to his conviction and denial of his appeal, the legislature had passed a statute[①] allowing credit for time in confinement pending appeal, an additional factor not present here. The court nevertheless there held that there was no constitutional issue involved, and that the defendant was

---

[①] "A person convicted of a felony in the district court and held in official confinement while awaiting the outcome of an appeal, writ of error to, or writ of certiorari from, a state or federal appellate court, or prior to his release as a result of post-conviction proceedings or habeas corpus, shall be given credit for the period spent in confinement against any sentence finally imposed for that offense." § 40A-29-24, N.M.S.A. 1953 (1969 P.S.).

not entitled to credit for the time spent in confinement pending appeal. It also refused to apply the subsequent statute retroactively, holding that this, too, was a matter for the legislature. See also *State v. Sedillo,* 79 NM 9, 439 P2d 226 (1968).

In *State v. Turner,* 247 Or 301, 429 P2d 565 (1967), upon which plaintiff relies, the court held only that a defendant could not be sentenced following a retrial to a longer time than he was given at the first trial, and that he must be given credit for the time served after the first conviction against the sentence imposed upon the second conviction. There the court stated:

> "We do not find it necessary to decide the constitutional issues as we conclude that when the state grants a criminal appeal as a matter of right to one convicted of a crime, as it has, our procedural policy should be not to limit that right by requiring the defendant to risk a more severe sentence in order to exercise that right of appeal * * *." 247 Or at 315.

■ We think, however, that where, as here, we are faced with statutory provisions "not sufficiently invidious to reach constitutional proportions," whose meaning and effect are not challenged, it is our duty to enforce them. The demurrer to the petition was properly sustained.

The judgment is affirmed.