BOWEN v. RECORDER'S COURT JUDGE

Opinion of the Court

1. Criminal Law—Presentence Confinement—Sentence.

Refusal of judge to credit plaintiff's sentence with the time plaintiff was held in a county jail without bail awaiting final disposition of his case, was proper where plaintiff was sentenced before the statute went into effect which requires a trial court to grant credit against a sentence for time served in jail prior to sentencing (MCLA § 769.11b).

---

References for Points in Headnotes

[1, 2, 4–7] 21 Am Jur 2d, Criminal Law §§ 533, 543, 582.
[3] 50 Am Jur, Statutes § 478.
21 Am Jur 2d, Criminal Law § 582.

2. Criminal Law—Presentence Confinement—Sentence—Statutes—Prospective.

   A statute which requires a trial court in imposing sentence to specifically grant credit against the sentence for time served in jail prior to sentencing because of being denied or unable to furnish bond is specifically made prospective only (MCLA § 769.11b).

3. Statutes—Retroactive Application—Equal Protection.

   There can be no merit to a claim that the denial of retroactive application to a newly created statutory right is a denial of equal protection of the laws.

Dissenting Opinion

T. M. Kavanagh, Adams, and T. G. Kavanagh, JJ.

4. Criminal Law—Presentence Confinement—Sentence—Statutes—Prospective.

   *A statute which requires a trial court to grant credit against a sentence for time served in jail prior to sentencing is prospective in its application and all defendants sentenced after March 31, 1966, will receive credit against their sentence for time served in jail prior to sentencing (MCLA § 769.11b).*

5. Criminal Law—Presentence Confinement—Sentence—Statutes.

   *The principle of fair dealing which impels judges in passing sentence to take into account the time a defendant was deprived of his liberty while awaiting trial, has been written into the law of this state (MCLA § 769.11b).*

6. Constitutional Law—Equal Protection—Due Process—Criminal Law—Presentence Confinement—Sentence.

   *As a matter of constitutional right as it relates to the doctrines of equal protection and due process, if a judge was not impelled to give credit for time served prior to sentencing, the sentence was erroneous.*

7. Criminal Law—Presentence Confinement—Sentence—Statutes—Remand.

   *Failure of trial court to extend credit for a period of time served by defendant in jail prior to sentencing resulted in disparity of treatment as between defendant and those defendants who were able to make bail prior to the adoption and effective date of the statute requiring credit against a sentence for time served in jail prior to sentencing and as to all defend-*

*ants sentenced after that act became effective and thereby
resulted in an excessive sentence; therefore, the case should
be remanded with instructions, in accordance with the exces-
sive sentence statute, to credit defendant's sentence to the
extent of time served by defendant in jail while awaiting his
sentencing (MCLA §§ 769.11b, 769.24).*

Appeal from Court of Appeals, Division 1, Le-
sinski, C. J., and J. H. Gillis and Quinn, JJ., denying
complaint for superintending control over Record-
er's Court of Detroit, Donald S. Leonard, J. Sub-
mitted June 25, 1970. (Calendar No. 14, Docket
No. 52,165–1/2.) Decided September 22, 1970.

Complaint by Tommie Lee Bowen in the Court of
Appeals for superintending control against Record-
er's Court Judge Donald S. Leonard, to compel him
to credit on his sentence time spent in presentence
confinement. Order denied. Plaintiff appeals. Af-
firmed.

*Kenneth A. Webb,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief
of Appellate Department, and *Luvenia D. Dockett,*
Assistant Prosecuting Attorney, for defendant.

DETHMERS, J. On August 5, 1963, plaintiff was
arrested and arraigned on a warrant charging him
with murder in the first degree. From that date
to July 18, 1964, a period of 11 months and 13 days,
he was held in county jail without bail awaiting final
disposition of his case. On the latter date he was
sentenced in the Recorder's Court to serve a term
of 10 to 15 years in state prison, after having entered
a plea of guilty, just 15 days earlier, to a charge

of second-degree murder.  The record does not disclose whether the time spent in the county jail prior to sentence was taken into consideration in determining the length of sentence imposed.

One year and eight months after sentence, to wit, on March 31, 1966, PA 1965, No 73 (MCLA § 769.11b [Stat Ann 1970 Cum Supp § 28.1083(2)]), went into effect.  It provides as follows:

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing."

By its language, the act is specifically made prospective only.

On March 27, 1968, a judge of the Recorder's Court acknowledged a recent motion by plaintiff to credit on his sentence and subtract from it the 11 months and 13 days spent in county jail, and denied it for the stated reason that the act did not go into effect until long after the date of sentence and was, therefore, inapplicable to this case.

Plaintiff filed a complaint with the Court of Appeals for superintending control to require the Recorder's Court to comply with his request for presentence time credit.  The Court of Appeals denied the complaint and petition.  The case is now here on leave granted to appeal from the denial.

Acknowledging that the statute in question reads prospectively only and went into effect after imposition of sentence upon him, plaintiff contends that denial of his petition for presentence time credit under such interpretation of the statute renders it

violative of the equal protection of the laws guarantees of the state and Federal Constitutions.[1]

Plaintiff admits that he has found only two decisions in this nation on the precise question raised by him and that they both hold adverse to his position. The cases are: *State* v. *Sedillo* (1968), 79 NM 255 (442 P2d 213), and *State* v. *Thomas* (1968), 79 NM 346 (443 P2d 516). See, also, *State* v. *Dalrymple* (1968), 79 NM 670 (448 P2d 182), and cases therein cited. In substance, the New Mexico court held, on this subject, that since the decisions of the United States Supreme Court have denied retroactive application to such basic constitutional rights as those enunciated in *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977), *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974), and *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882), there can be no merit to a claim that the denial of retroactive application to a newly created statutory right is a denial of equal protection of the laws. We agree.

When sentence was imposed upon plaintiff on July 18, 1964, it was a perfectly legal sentence in keeping with the statutory limits for the crime of which plaintiff was convicted.[2] Had the legislature later seen fit to amend the statute to fix the punishment for second-degree murder to be a term of not less than 5 nor more than 10 years in prison, would that have operated then to render plaintiff's previous sentence of 10 to 15 years invalid and entitled him to a new term in keeping with the limits of the amendment? By no means. Neither can the subsequent enactment here alter the earlier sentence.

Court of Appeals and Recorder's Court affirmed.

---

[1] Const 1963, art 1, § 2; US Const, Am 14.
[2] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549): "Life, or any term of years."

T. E. Brennan, C. J., and Kelly and Black, JJ. concurred with Dethmers, J.

Adams, J. (*dissenting*). The legislature addressed itself to one aspect of the problem of disparity of sentences when it enacted PA 1965, No 73 (MCLA § 769.11b; Stat Ann 1970 Cum Supp § 28.1083[2]).* Previous to the enactment of this statute, it was a matter of discretion with the sentencing judge to grant credit against a sentence for time served in jail prior to sentencing. Some judges, in sentencing, took into account time served in jail prior to sentencing, while others, as exemplified by this case, did not.

I agree that Act 73 is prospective in its application. All defendants sentenced after March 31, 1966, the effective date of Act 73, will receive credit against their sentence for time served in jail prior to sentencing.

The disparity with which we are here concerned is the difference in treatment accorded to those defendants who, prior to March 31, 1966, could not make bail and those defendants who either were able to make bail or who received from the trial judge credit for time served prior to sentence when sentence was imposed.

In the recent case of *Williams* v. *Illinois* (1970), 399 US 235 (90 S Ct 2018, 26 L Ed 2d 586), the Supreme Court of the United States had occasion, speaking through Chief Justice Warren Burger, to reenunciate this basic principle:

"In the years since the *Griffin* [v. *Illinois* (1956), 351 US 12 (76 S Ct 611, 100 L Ed 883)] case the Court has had frequent occasion to reaffirm allegiance to the basic command that justice be applied equally to all persons."

---

\* In PA 1965, No 67, the legislature dealt with the problem of time served under a void sentence.

In *Williams,* the Supreme Court of the United States held that a state may not constitutionally imprison a defendant who is financially unable to pay a fine beyond the maximum duration fixed by statute. The result in this case is to impose an excessive sentence of 11 months and 13 days upon this defendant because he was not admitted to bail prior to trial. The failure of the trial court to extend credit for this period of time served in jail by defendant has resulted in disparity of treatment as between him and those defendants who were able to make bail prior to the adoption and effective date of Act 73 and as to all defendants sentenced after Act 73 became effective.

In the case of *Moore* v. *Parole Board* (1967), 379 Mich 624, this Court held that a sentencing judge does not have unlimited discretion in determining whether to grant or refuse credit for time served under a void sentence. In my opinion in that case at p 643, I noted that Judge Sobeloff, in *Patton* v. *North Carolina* (1967), 381 F2d 636, had said:

" 'The principle of fair dealing which impels judges in passing sentence to take into account the time a defendant was deprived of his liberty while awaiting trial, *Dunn* v. *United States* (CA 4, 1967), 376 F2d 191, insists even more inexorably that he shall not be finessed out of credit for time he was forced to serve under an invalid sentence.' "

By Act 73, the principle of fair dealing which impels judges in passing sentence to take into account the time a defendant was deprived of his liberty while awaiting trial, has been written into the law of this state. As a matter of constitutional right as it relates to the doctrines of equal protection and due process, I would hold that if a judge was not impelled to give credit for time served prior to sentencing, the sentence was erroneous.

I would remand to the Recorder's Court of the City of Detroit with instructions, in accordance with the excessive sentence statute (MCLA § 769.24 [Stat Ann 1954 Rev § 28.1094]), to that court to credit defendant's sentence to the extent of 11 months and 13 days served by defendant in the Wayne County jail while awaiting his sentencing in the instant cause.

T. M. KAVANAGH and T. G. KAVANAGH, JJ., concurred with ADAMS, J.